SOUTHWICK, P.J.,
for the Court:
¶ 1. Kenny Ray Davis was found guilty on two counts of aggravated assault by a Claiborne County Circuit Court jury. On appeal Davis argues that there was insufficient evidence presented, or at least fi. the verdict was against the overwhelming weight of the evidence. We disagree.
*884 FACTS
¶2. The events underlying the convictions in this case occurred in August 1998. The testimony at trial was in conflict. The only issue on appeal is whether the evidence can sustain the conviction. Thus we detail the evidence that supports the verdict as well as some of the contrary testimony. What is clear is that James and Lester Goods received gunshot wounds late at night outside the Pink Palace night club in Claiborne County. There was evidence that earlier in the evening of the shooting, the defendant, Kenny Ray Davis, had an altercation with Sharon Goods. According to trial testimony, Sharon Goods’s brother, Ronnie Goods, and her two cousins, Lester and James Goods, went to the Club Paradise to confront Davis about the altercation. When they arrived, Davis was gone. A defense witness testified that Lester Goods began arguing with Michael White, who had been with the defendant Davis when the altercation with Sharon Goods occurred. The witness further testified that Lester Goods had a gun and that he shot at White. An additional defense witness testified that he saw Lester Goods shooting at White. Lester Goods’s testimony was that even though he had a verbal encounter with White, he did not shoot at him.
¶ 3. Still later the same evening, Lester and James Goods were at the Pink Palace when Davis, Michael White and others arrived outside the club. Cinderella Goods, the mother of James and Lester Goods, testified that she went to the Pink Palace to get her sons because she heard that Davis and White were armed and looking for them. She and her sons were leaving the club when she noticed a line of cars with their engines running parked on the road outside the club. She claims that her sons were unarmed and were shot as they walked by the line of cars. She was unable to identify the shooter.
¶ 4. James Goods testified that as he, his brother Lester, and his mother left the Pink Palace, the defendant Davis came out of the dark and shot him in the legs with a shotgun. He testified that he knew Davis and that he was absolutely sure that Davis was the man who shot him. James Goods claimed that he was unarmed and that he was not attempting to confront Davis.
¶ 5. Lester Goods also testified for the State. He stated that he left the Pink Palace when someone told him that Davis and others were outside with guns. He testified that as he was following his mother to the road leaving the club, Davis approached and shot him with a shotgun. He fell to the ground as a result of the wound. As he was laying on the ground, he heard many more gunshots although he could not tell who was doing the shooting. Lester Goods testified that he was unarmed when the incident occurred and that he was not attempting to confront Davis.
¶ 6. Tyrone Montgomery, who was jointly indicted with Davis, testified for the defense. His testimony was in direct conflict with the witnesses for the State. Montgomery testified that James and Lester Goods approached Davis’s car outside the Pink Palace. He saw Lester Goods pull out a gun. When Montgomery saw Lester Goods with the gun, he began to run. As he was running, he heard shots being fired. He claimed that he was not able to see who fired the shots.
¶7. Alexander Montgomery also testified for the defense. He stated that he saw James and Lester Goods walking toward Davis’s car outside the Pink Palace, and that Lester had a chrome gun drawn. He testified that he then heard a loud booming noise, followed by many more shots. He claimed that he could not see who fired the first shot, but that he did *885 witness Ronnie Goods firing shots. He did not see Davis with a shotgun.
¶ 8. Davis was indicted on two counts of aggravated assault on Lester and James Goods. He was tried by jury on January 14, 1999, and was found guilty on both counts.
DISCUSSION
¶ 9. The appellate issue raised by the defendant is that it'was error for the lower court to deny his motion for a new trial or in the alternative for a judgment notwithstanding the verdict. Davis claims that the evidence he presented supported a finding that James and Lester Goods were the aggressors and that Davis was merely exercising his right of self-defense.
¶ 10. The decision of whether or not to grant a new trial on a claim that the verdict is against the overwhelming weight of the evidence is a matter within the sound discretion of the trial judge. McClain v. State, 625 So.2d 774, 781 (Miss.1993). On appeal, all evidence favorable to the State must be accepted as true, and only when affirming the conviction will result in an unconscionable injustice will a new trial be ordered. Taylor v. State, 672 So.2d 1246, 1256 (Miss.1996). “Jurors are permitted, indeed have the duty, to resolve the conflicts in the testimony they hear.” Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). Moreover, a motion for a judgment notwithstanding the verdict should be denied unless a hypothetical, reasonable juror, examining all the evidence, could only enter a verdict of acquittal. Mitchell v. State, 572 So.2d 865, 867 (Miss.1990).
¶ 11. All the evidence supports that Davis shot and wounded Lester and James Goods. The jury heard the testimony of State and defense witnesses. The testimony was in conflict as to the key point of self-defense. In support of the verdict, there was testimony from the victims in this case, James and Lester Goods, that Davis walked up and shot them. They testified that they were unarmed and did not initiate the confrontation. The jury also heard the conflicting testimony from the defense witnesses stating that Lester Goods had a weapon and that the Goods brothers were the aggressors. The jury must have made credibility determinations that rejected the claims of self-defense. We find that such a determihation was within the range of discretion for reasonable jurors. We affirm.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY OF CONVICTION OF TWO COUNTS OF AGGRAVATED ASSAULT AND SENTENCE OF CONCURRENT TERMS OF TWELVE YEARS FOR EACH COUNT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS ARE TO BE ASSESSED TO CLAIBORNE COUNTY.
McMILLIN, C.J., KING, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.